IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **PATRICK W. FOSTER, individually and on behalf of others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| ) | **CASE NO. 2:12-CV-00262-JMS-WGH** |
| v. )<br>) | |
| **ADVICS MANUFACTURING INDIANA, LLC,** )<br>) | |
| **Defendant.** ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
## AND CERTIFICATION OF CLASS FOR PURPOSES OF SETTLEMENT

Plaintiff, Patrick W. Foster ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, including Christian Chapman ("Chapman"), Jesse Shattuck ("Shattuck") and Rita Studdard ("Studdard") (collectively "Plaintiffs"), and Defendant Advics Manufacturing Indiana, LLC (hereinafter "Defendant"), by their attorneys (collectively, the "Settling Parties"), having made an application, pursuant to Rules 23(e) of the Federal Rules of Civil Procedure, for an Order approving the settlement (the "Settlement") of the above-captioned action in accordance with the Settlement Agreement dated the 11th day of April, 2013, and the exhibits attached thereto (the "Settlement"); and the Court having read and considered the Settlement and related submissions; and the Settling Parties having consented to the entry of this Order, IT IS HEREBY ORDERED that:

1. The Settlement is hereby preliminarily approved.

2. For purposes of this Settlement only, the claims asserted in this action will be maintained, pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, as a class action by the Plaintiff as class representative on behalf of class (the "Class") defined as: as "All hourly

production employees who were on Defendant's payroll between September 2010 and August 2012 and who either remain employed with Defendant or who left their employment voluntarily" and, who do not exclude themselves from the Class.

3. A hearing (the "Fairness Hearing") shall be held on June 20, 2013 at 2:00 p.m. before this Court in the United States District Court for the Southern District of Indiana, Room 307, 46 E. Ohio Street, Indianapolis, Indiana:

(a) to determine whether the proposed settlement, on the terms and conditions provided in the Settlement, should be approved as fair, reasonable and adequate; and

(b) to determine whether a Final Judgment and Order as described in paragraph 9 hereof should be entered.

4. Within ten (10) days of the date of this Order, Counsel for the Class shall cause a Notice to Class Members of Proposed Class Action Settlement and Class Action for Settlement Purposes (the "Notice"), to be provided to members of the Class. A copy of the Notice, substantially in the form attached as Exhibit A to the Settlement, shall be mailed by first class mail, postage prepaid, to all those persons and entities who are members of the Class. Counsel for the Class shall file proof, by affidavit, of such mailing.

5. The Court approves the form of the Notice and finds that the mailing and distribution of such Notice substantially in the manner and form set forth in paragraph 4 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

6. Any member of the Class may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate as to

the Class, or why a judgment should or should not be entered thereon as to the Class; provided, however, that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the judgment to be entered pursuant thereto approving the same, unless within thirty (30) days of the date of the Notice, but no later than five (5) days before the Fairness Hearing, that person has served by hand or by first class mail written objections and copies of any supporting papers and briefs upon:

    a.    <u>Office of the Clerk</u>
            Clerk of Court
            United States District Court, Southern District of Indiana
            Terre Haute Division
            U.S. District Court
            921 Ohio Street
            Terre Haute, IN 47807

    b.    <u>Plaintiffs' Counsel</u>
            Robert Kondras
            Hunt, Hassler & Lorenz LLP
            100 Cherry Street
            Terre Haute, IN  47807

    c.    <u>Defendant's Counsel</u>
            Tami A. Earnhart
            Ice Miller LLP
            One American Square, Suite 2900
            Indianapolis, IN 46282-0200

7. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement.

8. Pending the Court's determination of whether the Settlement should be finally approved, the Plaintiffs and each member of the Class, whether or not such person has appeared in the Action, shall not, upon receipt of Notice, institute or further prosecute any action or

proceeding asserting any claims that are part of the Action against any Defendant, unless such person requests exclusion from the Action pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure within twenty-one (21) days of the date of the Notice.

9. If the Settlement is approved by the Court, a Final Judgment and Order shall be entered:

(a) Approving the settlement set forth in the Settlement as fair, reasonable and adequate, directing its consummation, and directing that all parties hereto, including all Class Members, perform in accordance with the terms of the Settlement.

(b) Identifying the persons who have duly and timely elected to opt out, providing that said persons shall be excluded from the Class for purposes of the Settlement and from any benefits under the Settlement.

(c) Ordering the Plaintiffs, Plaintiffs' Counsel, and Counsel for all other Settling Parties to take all action required to comply with their obligations under the Settlement, including, without limitation, performing all covenants and agreements set forth in the Settlement, and that they execute and deliver such other and further documents and papers as the Court, on its motion or at the request of any party to the Settlement, may deem appropriate to effectuate the Settlement, and providing that any person benefited by any of said obligations shall have standing to apply to the Court for an order enforcing said obligations.

(d) Dismissing this action with prejudice and without costs.

(e) Stating that each Settling Party and member of the Class shall be deemed to have been released and forever discharged from any and all claims, demands, causes of action and liabilities in the manner set forth in the Settlement.

(f) Reserving jurisdiction over all matters related to the administration and consummation of the terms of the Settlement, including implementation and enforcement of the Settlement.

11. In the event the proposed settlement as provided in the Settlement is not approved by the Court or is terminated pursuant to the terms of the Settlement, or for any reason the parties fail to obtain a final judgment substantially as set forth in the preceding paragraph, or such final judgment fails to become a Final Order as provided for in the Settlement, then the Settlement shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever. In such event, the Settlement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective positions existing as of the date of the Settlement.

DATE: 04/16/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Copies to:

Robert Kondras
Hunt, Hassler & Lorenz LLP
100 Cherry Street
Terre Haute, IN  47807

Tami A. Earnhart
Ryan M. Poor
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN  46282

I/3200596.1